

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2004

# DeGroot v. Metro Life Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1827

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"DeGroot v. Metro Life Ins Co" (2004). *2004 Decisions.* Paper 852.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/852

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1827
_____

ELIZABETH DEGROOT, (ATTORNEY IN FACT FOR ROGER DEGROOT),

Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY and LUCENT TECHNOLOGIES,
INC.


_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

District Court Judge: The Hon. James Knoll Gardner
(No. 02-CV-03577)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 22, 2004

BEFORE: FUENTES, SMITH and GIBSON, Circuit Judges.[*]

(Opinion Filed: April 8, 2004)
_____

OPINION OF THE COURT
_____

---

[*]      Honorable John R. Gibson, Circuit Judge for the United States Court of Appeals for the
Eighth Circuit, sitting by designation.

FUENTES, Circuit Judge:

Appellant Roger DeGroot ("DeGroot") (whose power of attorney is in the hands of Appellant Elizabeth DeGroot) worked for Western Electric from 1965 until after its purchase by AT&T. During his employment, DeGroot bought group life insurance ("the policy") from Appellee Metropolitan Life Insurance ("Metlife") through his employers totaling $260,000, with the premiums automatically deducted from each paycheck. After DeGroot retired with a pension in 1989, AT&T spun Appellee Lucent Technologies ("Lucent") off into its own company, and Lucent assumed responsibility for DeGroot's retirement benefits. In July 1999, DeGroot turned 65 and Lucent stopped sending premiums to Metlife, causing Metlife to terminate DeGroot's coverage. The policy provisions required DeGroot to elect to convert his group policy into a personal policy within 31 days after his 65th birthday, but DeGroot made no such election in August 1999, or anytime in 1999 at all. DeGroot filed suit against Lucent and Metlife, claiming that he did not receive the required statutory notice of his window to elect for a personal policy. The District Court granted summary judgment for Appellees on the grounds that DeGroot was not denied sufficient notice of his time-sensitive rights to elect personal coverage. Specifically, the District Court ruled that Appellees provided uncontroverted evidence that DeGroot received sufficient notice of the election procedures in regular mailings. The District Court further ruled that even if DeGroot did not receive any notice, his right to elect was statutorily cut off at the end of October 1999, 60

days after his election right expired in the policy.[1]

DeGroot argues on appeal that the evidence that he received notice should have been excluded as it came from a deposition to which he objected, and that it did not even establish notice. Specifically, the District Court credited deposition testimony from Edwin Adams, an employee of Lucent's mailing service UMS, stating that DeGroot was on Lucent's mailing lists and that the proper notice materials were mailed to DeGroot. DeGroot objects that he was not able to defend the deposition, and that DeGroot's receipt of proper notice should not have been inferred from Adams's testimony that Lucent mailed certain materials to DeGroot. DeGroot's argument is unavailing, however, because the question of whether DeGroot received proper notice is moot: as the District Court recognized, the applicable statute bars recovery for DeGroot because he did not elect for coverage within 60 days after the expiration of his election period. 40 Pa. Cons. Stat. Ann. § 532.7 ("in no event shall such additional [election] period extend beyond sixty days next after the expiration date of the period provided in such policy"); Del. Code Ann. tit. 18, § 3125 (same).

DeGroot cites to a string of cases in an attempt to escape the strictures of the statutory bar, but only one of those cases, Harris v. St. Christopher's Hosp. for Children, 291 Pa. Super. 451 (1981), actually interprets the statute at issue. The Harris court held that the statutory bar did not apply in that case because the insured died within the 60-day window for election, rendering the time limit inequitable. 291 Pa. Super. at 456-57. The Harris court

---

[1] The parties disagree over whether Delaware or Pennsylvania law applies, but as all parties and the District Court observed, the two states' statutes are almost exactly identical.

was clear, however, in stating that if the insured had survived the 60-day window (as was the case with DeGroot), the bar would have applied to preclude the insurer's liability even though the insurer had never received notice. Id. at 457, n. 3. In short, Harris does not lift the statutory bar in DeGroot's case, and the District Court therefore appropriately dismissed his claim. Accordingly, we affirm the District Court's judgment.